UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

WALTER C. GARDNER, JR.,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 18-192-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Walter C. Gardner, Jr. has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

After Gardner pled guilty to possession of 500 grams or more of cocaine with intent to distribute, in August 2015 the federal court in East St. Louis, Illinois sentenced him to 60 months imprisonment. *United States v. Gardner*, No. 3: 14-CR-30109-NJR-3 (S.D. Ill. 2014). With the application of credits for prior custody and good time, Gardner was projected to complete the full term of his sentence by October 20, 2019. [R. 1-2 at 2]

After he began service of his sentence, Gardner enrolled in the Bureau of Prisons' 500-hour Residential Drug Abuse Program ("RDAP"). With some exceptions, federal inmates who complete the RDAP are eligible, at the BOP's discretion, to a reduction in their sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). Gardner completed the RDAP in April 7, 2017. [R. 1-2 at 2] Gardner states that he signed a contract with the BOP stipulating that he was entitled to a reduction in his sentence. The Sentence Monitoring Computation Data Sheet indicates that the

BOP advanced his projected release date by one full year – the maximum allowed under the statute – to October 20, 2018. [R. 1-2 at 1]

Apart from the reduction in his sentence, Gardner further alleges that following his completion of the RDAP, his case manager recommended that he be placed in a halfway house for the last 9 months of his sentence. However, the BOP only approved a halfway house placement for the last 6 months of his sentence, a period later reduced to only 4 months because of "insufficient funds." At this time, Gardner is scheduled to be transferred to a halfway house on June 22, 2018. [R. 1-2 at 2]

Before he filed his petition in this Court, Gardner filed informal requests and formal inmate grievances with the BOP requesting, as he does here, a longer term in a halfway house. [R. 1-2 at 4, 9-11] Unable to obtain relief from the BOP, in January 2018 Gardner filed a motion in the trial court – identical to his petition in this Court – requesting a court order directing the BOP to either place him in a halfway house or in home confinement, on April 22, 2018. The trial court denied the motion for lack of jurisdiction. Gardner's petition essentially renews that motion in this Court, again requesting a Court order requiring the BOP to transfer him to home confinement or a halfway house by April 22, 2018. [R. 1-1 at 4]

It is not entirely clear that Gardner fully exhausted his administrative remedies before filing his petition by appealing all the way up to the BOP's Central Office. But even assuming that he did, the Court must deny the petition because it fails to establish viable grounds for relief. The BOP has the discretion, but not the obligation, to place inmates in a halfway house during last portion of their sentence. 18 U.S.C. § 3624(c). Such placements are generally for 4-6 months just prior to the inmate's release. But the BOP is vested with broad discretion in deciding the duration and location of such placements in halfway houses, and by statute such determinations are

2

insulated from judicial review even where an inmate contends that the BOP abused that discretion. 18 U.S.C. § 3625; see *Boulware v. Federal Bureau of Prisons*, 518 F. Supp. 2d 186, 188 n.3 (D.D.C. 2007); *Bernard v. Roal*, 716 F. Supp. 2d 354, 358-61 (S.D.N.Y. 2010); *Zuspan v. O'Brien*, No. 1: 13-CV-167, 2013 WL 6805574, at *4 (N.D. W.Va. Dec. 20, 2013). Because the record does not indicate that the BOP acted in a matter clearly contrary to the statute or in contravention of Gardner's constitutional rights, the Court must deny relief.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Gardner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Entered March 27, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY